Burke, J.
(concurring). Although I agree with the conclusion reached by the majority opinion I would go further and allow the plaintiffs in addition to amend their complaint before trial *539 to include a derivative suit on behalf of the partnership seeking rescission of the contracts because of the alleged “ mismanagement ’ ’ and ‘ ‘ waste ’ ’ in the negotiation of the lease and mortgage of the real estate in which the plaintiffs have a substantial monetary investment. Money damages do not provide a complete and adequate remedy for the injury alleged (tortious interference with contractual rights in real property). Under the circumstances full relief can only be secured by permitting plaintiffs to bring both a class action and a derivative suit, since equitable relief such as rescission can only be obtained “ on behalf of the partnership.” (See Riviera Congress Assoc. v. Yassky, decided herewith.) The ability to institute both a class action and a derivative action is essential to the effective implementation of the investors’ substantive rights under the Real Estate Syndicate Act (General Business Law, § 352-e et seq.). Thus, while I agree with the court’s holding that rescission cannot be obtained in the present class action, I conclude that such equitable relief would be available to plaintiffs on the facts as stated in a derivative suit.